## WEISS v. WEISS.

(Supreme Court, Appellate Term, First Department.   June 25, 1915.)

BROKERS ☞57—RIGHT TO COMMISSION.

> Where defendant, on employing plaintiff to procure a house for him as an investment, stated that "he would try together with his daughter to buy the house," and where plaintiff then took defendant to a party who, without compensation, brought defendant and the owner together, in consequence of which a sale was made, plaintiff was entitled to his commission, though the house was bought by defendant in conjunction with his daughter.

> [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. ☞57.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Adolph Weiss against Morris Weiss. From judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Isadore Apfel, of New York City, for appellant.

Robson & Simpson, of New York City (Ely Simpson, of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff sought to recover from defendant a commission alleged to have been earned by him in procuring for defendant a house as an investment for his money. Plaintiff testified explicitly that he was employed by defendant to find such an investment, and also that defendant said that "he would try together with his daughter to buy the house." Plaintiff then took defendant to a party who, without compensation, but because of some other interest in the transaction, brought the defendant and the owner together, and the house was subsequently purchased by the defendant and his daughter. Plaintiff's chief witness testified that the defendant told plaintiff, "I

will pay you the commission if I will buy the house." Within a few days thereafter the defendant and his daughter purchased the house.

The learned court below seems to have been of opinion that, because the house was purchased by defendant and his daughter, the commission had not been earned. In this I think he overlooked the express term of the agreement, as testified to by the plaintiff, to the effect that it was contemplated from the outset that the house should be bought by defendant in conjunction with his daughter. Moreover, it cannot be said in any event that such a purchase was not one in conformity with the agreement that the commission should be earned if defendant bought the house. Plaintiff having established a prima facie case, it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.